**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| STEPHANIE FYKE on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GMRI, Inc., a Florida Corporation,<br><br>Defendant. | )<br>)<br>)  Civil Action No.:  1:22-cv-83<br>)<br>)<br>)  **CLASS AND COLLECTIVE**<br>)  **ACTION**<br>)<br>)<br>)<br>)<br>)<br>) |

Plaintiff, Stephanie Fyke (hereafter "Plaintiff"), on behalf of herself and all others similarly situated, allege as follows against Defendant, GMRI, Inc. (hereafter "Defendant" or "Longhorn Steakhouse"):

## <u>INTRODUCTION</u>

1.     This is a class and collective action brought on behalf of "Tipped Employees" who work or have worked at restaurants operating under the trade name Longhorn Steakhouse that are/were owned and operated and/or managed by Defendant, GMRI, Inc., and have been subject to the unlawful practices detailed herein.

2.     Upon information and belief, the employment practices complained of herein occurred at all of Longhorn Steakhouse locations at issue, as Defendant utilized common labor policies and practices at each of their locations. Accordingly, Defendant is responsible for the employment practices complained of herein.

3.     Longhorn Steakhouse is a nationwide chain of family style restaurants, which owns and operates all of its restaurants.

4.      Longhorn Steakhouse employs individuals in a tipped capacity, namely waiters and waitresses ("Servers"), who are and/or were subjected to Defendant's unlawful pay practices.

5.      As set forth below, Defendant has a policy or practice of paying these employees a sub-minimum hourly wage under the tip-credit provisions of the FLSA and related state wage and hour laws, despite not complying with all the necessary requirements in order to properly claim a tip-credit and pay less than the full minimum wage.

6.      As Servers, these individuals worked as "front of house" employees – e.g., interacting with Defendant's customers/patrons. Servers accomplished their job duties by, among other things, taking customers' orders, serving customers their food, and/or cleaning the customers' tables so that new customers can be seated and served.

7.      As explained in detail below, Defendant systematically and willfully deprived Plaintiff and its Servers all wages due and owing in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, ("FLSA").

8.      Defendant violated the FLSA by, among other things, failing to satisfy the notice requirements of the tip credit provisions of these laws. In addition, Defendant also violated the FLSA by failing to pay Plaintiff and its Servers the full minimum wage when performing non-tip generating work unrelated to their principal job as a Server and/or spent more than twenty percent (20%) of their time performing non-tipped work that was related to tip-generating work. In addition, Defendant violated the FLSA by requiring Plaintiff and its Servers to pay for uniforms.

9.     In addition, Defendant's actions/inactions also violated certain state wage and hour laws, including the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.101, *et seq.*, and the Wage Payment and Collection Law, 43 Pa. S. § 260.1, *et seq.,* ("WPCL"),

10.    Defendant violated the PMWA and WPCL (collectively, "PA State Laws") when it: (i) failed to provide proper tip credit notification to Plaintiff and its Servers; (ii) required Plaintiff and its Servers to perform numerous job duties when there was no possibility for that employee to generate tips, such as when a Server was "cut" for the night (*e.g.*, they were no longer responsible for serving customers and instead had to perform solely cleaning/stocking work); and (iii) required Plaintiff and its Servers to pay for uniforms. This is in contravention of applicable Pennsylvania state law.

11.    As a result of the aforementioned pay practices, Plaintiff and the members of the Classes (defined below) were illegally under-compensated for their work.

## SUMMARY OF CLAIMS

12.    Plaintiff brings this action as a collective action to recover unpaid wages, pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA" or the "Act").

13.    In particular, Plaintiff brings this suit on behalf of the following similarly situated persons:

> All current and former servers who have worked for Defendant in the United States within the statutory period covered by this Complaint, and elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b) (the "Collective Class").

14.    Plaintiff also brings this action as a state-wide class action to recover unpaid wages pursuant to the PA State Laws.

15.     Specifically, Plaintiff brings this suit on behalf of a class of similarly situated persons composed of:

> All current and former servers who have worked for Defendant in the Commonwealth of Pennsylvania during the statutory period covered by this Complaint and who do not opt-out of this action (the "PA Class").

16.     Plaintiff alleges on behalf of the Collective Class that they are: (i) entitled to unpaid minimum wages from Defendant for hours worked for which Defendant failed to comply with the notice provisions of the tip credit and pay the mandatory minimum wage, as required by law; (ii) entitled to unpaid minimum wages from Defendant for hours worked performing duties *unrelated* to their direct customer service duties; (iii) entitled to unpaid minimum wages from Defendant for hours worked where they spent in excess of 20% of their time performing non-tipped work that was *related* to their tipped occupation; (iv) entitled to reimbursement for expenses incurred to comply with Defenndant's uniform and/or attire policy; (v) entitled to liquidated damages; and (vi) entitled to all reasonable attorney fees and costs incurred in the prosecution of this matter pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*

17.     Plaintiff alleges on behalf of the PA Class that Defendant violated PA State Laws by failing to comply with the tip credit provisions, as required by law, and consequently failing to pay them the appropriate minimum wages for all hours worked. In addition, Defendant also violated PA State Laws by failing to pay PA Class members the full minimum wage for time spent performing non-tip generating work.  In addition, Defendant violated PA State Laws by requiring PA Class members to pay for uniforms while paying them the "tip-credit" minimum wage.

4

**PARTIES**

18.     Plaintiff is a resident of the Commonwealth of Pennsylvania, residing in Erie County, who was employed by Longhorn Steakhouse as a "server" at its Erie, Pennsylvania restaurant (located at 6750 Peach Street, Erie, PA 16509).

19.     Plaintiff worked for Longhorn Steakhouse as a Server from approximately July 1, 2021 through approximately November 20, 2021 and was paid an hourly wage rate of $2.83 per hour irrespective of the amount of tips she earned or the type of work she performed.

20.     Defendant employed Plaintiff to perform various tipped and non-tipped duties, including, but not limited to, serving drinks and food to customers, cleaning the restaurant, busing tables, washing dishes, preparing food and other side work.

21.     At all relevant times, Defendant determined and controlled Plaintiff and its Servers' rates of pay, made Plaintiff's and its Servers' scheduled, subjected Plaintiff and the Servers to its company-wide policies and procedures as described herein, and was Plaintiff and its Servers "employer" as that term is defined by the FLSA and PA State Laws.

22.     Pursuant to Section 216(b) of the FLSA, Plaintiff has consented in writing to be a plaintiff in this action (See Consent form attached hereto as "Exhibit A").

23.     Defendant GMRI is a Florida Corporation that is wholly owned by Darden Restaurants, Inc.. It first registered to do business in Pennsylvania with offices located in Erie, Pennsylbania.

24.     Plaintiff, the Collective Class and the PA Class were employed by Defendants who were an enterprise engaged in commerce that had annual gross sales of at least $500,000.

**JURISDICTION AND VENUE**

25.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201 *et seq*.

26.     This Court has original jurisdiction over Plaintiff's claims under the Class Action Fairness Act, 28 U.S.C. § 1332(d). This is a putative class action whereby: (i) the proposed Rule 23 classes consists of over 100 or more members; (ii) at least some of the members of the proposed Rule 23 classes, including the representative Plaintiff(s) for each of the classes, have a different citizenship from Defendant; and (iii) the claims of the proposed Rule 23 classes exceed $5,000,000.00 in the aggregate.

27.     Further, this Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because those claims derive from a common nucleus of operative facts.

28.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) as a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district, and Defendant is subject to personal jurisdiction in this district.

29.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## FACTUAL ALLEGATIONS

30.     The crux of the FLSA and the applicable state wage and hour laws is, *inter alia*, that all employees are entitled to be paid all wages due and owing.

31.     Contrary to these basic protections, Plaintiff the Collective Class and the PA Class were deprived of all wages due and owing to them.

32.     Defendant governs and administers each restaurant location in a virtually identical manner so that, among other things, customers can expect and receive the same kind of customer service regardless of the restaurant location that a customer may visit.

33.     Indeed, Defendant represents themselves to the general public as one restaurant chain – Longhorn Steakhouse. All of Defendant's restaurant locations use the brand name

"Longhorn Steakhouse" at their respective location and each location offers the same basic array of products and services to the general public.

34.     This family of restaurants provides the same service product to its customers by using a set formula when conducting its business.

35.     Further, all the restaurant locations advertise together on the same website.

36.     Upon information and belief, all of the Defendant's locations are/were operated under uniform policies/procedures applicable to all Servers, including subjecting Servers to the unlawful pay practices complained of herein.

37.     Evidencing this fact, on the Company's website, an individual is able to apply online to any Longhorn Steakhouse location. The description for "server" is identical for all of Longhorn Steakhouse locations.

38.     Defendant's restaurant locations can "share" Servers and said employees can transfer from one restaurant location to another.

39.     Moreover, Defendant shares common management between restaurant locations. For example, Defendant's regional managers would oversee multiple restaurant locations.

40.     Further, Defendant's restaurants share common human resources and payroll services.

41.     Plaintiff was paid an hourly cash wage rate from Longhorn Steakhouse and earned tips from those customers who chose to leave a gratuity.

42.     Plaintiff's hourly wage rate from Longhorn Steakhouse was a subminimum wage rate as Defendant claimed a tip credit for all their Servers. Indeed, upon information and belief, Defendant claimed the maximum tip credit permissible for each of their Servers irrespective of the type of work he/she was performing for Defendant.

***Facts Pertaining to Failure to Notify Servers of "Tip Credit"***

43.     Under applicable law, in certain circumstances, it is permissible for an employer to take a tip credit and pay its employees less than the mandated minimum wage, provided that the employee's tips received from customers plus the cash wage paid by the employer equals at least the applicable minimum wage. However, in order to take advantage of these wage provisions, the employer must meet certain strict notification requirements.

44.     According to the Department of Labor's ("DOL") Fact Sheet #15: Tipped Employees Under the Fair Labor Standards Act (FLSA) ("Fact Sheet #15"):

> the maximum tip credit that an employer can currently claim under the FLSA is $5.12 per hour (the minimum wage of $7.25 minus the minimum required cash wage of $2.13).

45.     As is made plain in Fact Sheet #15, in order to claim a tip credit, the employer must comply with five strict notification requirements.

46.     First, the employer must notify the employee of the amount of the cash wage the employer is paying the tipped employee and that amount must equal at least $2.13 per hour.

47.     Second, the employer must notify the tipped employee of the amount the employer is claiming as a tip credit. In accordance with the FLSA, the tip credit claimed cannot exceed $5.12 per hour.

48.     Third, the employer must inform the tipped employee that the tip credit claimed cannot exceed the actual amount of tips received by the employee. In effect, the employer must inform the employee that the employee must still earn the mandated minimum of $7.25 per hour between the amount of the tip credit taken by the employer and the amount of tips earned by the employee.

49.     Fourth, the employer must notify the tipped employee that all tips received are to be retained by the employee except for a valid tip pooling arrangement.

50.     Finally, the tipped employee must be informed by the employer that the tip credit will not apply unless the employee has been informed of these provisions.

51.     An employer bears the burden of showing that it has satisfied all of the notification requirements before any tips can be credited against the employee's hourly wage.[1] If an employer cannot demonstrate its compliance with this notification requirement, no credit can be taken and the employer is liable for the full minimum wage.

52.     Further, where a tipped employee earns less in tips than the tip credit claimed, the employer is required to make up the difference. Stated another way, if a tipped employee earns less than $5.12 per hour in tips (the maximum tip credit permissible where the employer pays the employee $2.13 per hour), the employer must raise that tipped employee's hourly cash component the necessary amount above $2.13 per hour so as to ensure that the employee earns at least $7.25 per hour – the mandated minimum wage.

53.     As a Server working in Pennsylvania, Plaintiff was paid a tip credit wage of $2.83 per hour at all times during her employment. In other words, Longhorn Steakhouse took a "tip credit" of $4.42 per hour against the federal and state mandated minimum wage of $7.25 per hour for all hours that Plaintiff worked for Longhorn Steakhouse.

54.     Prior to the initiation of this lawsuit, Plaintiff had never even been made aware of the term "tip credit."

---

[1] Courts have strictly construed this notification requirement. Accordingly, some courts have held that a generic governmental poster (which is required by the DOL) does not satisfy the tip credit notification requirement.

55.     Plaintiff assumed, as a server, that she would not be paid the full minimum wage because she would have the opportunity to earn tips.

56.     However, prior to the commencement of her work for Longhorn Steakhouse, Defendants never notified Plaintiff that she would be paid $2.83 per hour.

57.     Moreover, Longhorn Steakhouse never notified Plaintiff that it would be claiming $4.42 per hour as a "tip credit" to satisfy its full minimum wage obligations to her.

58.     Longhorn Steakhouse never notified Plaintiff that the $4.42 per hour tip credit it was claiming against Plaintiff's minimum wage could not exceed the actual amount of tips received by Plaintiff.

59.     Longhorn Steakhouse never notified Plaintiff that she was entitled to retain all tips received by Plaintiff except for in the case of a valid tip pooling arrangement.

60.     Longhorn Steakhouse never notified Plaintiff that it was not entitled to claim a tip credit on her wages without informing her of the requirements for its taking a tip credit.

61.     Moreover, Plaintiff was never notified that if her tipped wage of $2.83 per hour plus the amount of tips she actually received fell below $7.25 per hour, Longhorn Steakhouse would be legally required to make up the difference.

### Facts Pertaining to Non-tipped Labor

62.     The FLSA defines a "tipped employee" as any employee *engaged in an occupation* in which he or she customarily and regularly receives not less than $30 a month in tips. 29 U.S.C. § 203(t)(emphasis added).

63.     Recognizing that tipped employees are often *engaged* in more than one *occupation*, one which customarily receives tips and one which customarily does not, the regulations provide that when such tipped employees are employed in "dual jobs" (one which

customarily generates tips and one which customarily does not), the employer is not entitled to take the tip credit for time spent engaged in the non-tipped occupation. *See* 29 C.F.R. § 531.56.

64.     It is well settled in courts across the country that an employer is *not* permitted to take a tip credit against its minimum wage obligations (1) when it requires its tipped employees to perform non-tipped work that is *unrelated* to the employees' tipped occupation (i.e., "dual jobs") or (2) when it requires its tipped employees to perform non-tipped work that, although related to the employees' tipped occupation, exceeds 20 percent of the employees' time worked during a workweek. *See* FOH § 30(d)00(e). *See Belt v. P.F. Chang's China Bistro, Inc*., 401 F. Supp. 3d 512, 531-32 (E.D. Pa. 2019); *see also Williams v. Bob Evans Rests., LLC*, Case No. 2:18-cv-01353, 2020 U.S. Dist. LEXIS 145852 (W.D. Pa. Aug. 13, 2020).

65.     In other words, an employer such as Defendant must pay the full minimum wage when either the Tipped Employee is performing non-tipped work that is (i) *unrelated* to the employee's tipped occupation or (ii) non-tipped work that, although *related* to the employee's tipped occupation, exceeds 20 percent of the employee's time worked during a workweek.

66.     Defendant regularly required Plaintiff, the Collective Class and the PA Class to perform extensive non-tipped labor that was unrelated to their tipped occupation or, although related to their tipped occupations, exceeds 20 percent of the employee's time worked during a workweek.

67.     Such non-tipped duties include, but are not limited to, stocking and cleaning ice stations; stocking fruits; stocking paper goods; detail cleaning various "stations" throughout the restaurant; brewing tea and coffee; breaking down and detail cleaning tea and coffee machines; stocking and detail cleaning the beverage line; sweeping floors throughout the restaurant; stocking and cleaning all condiments, cream and sugar caddies; stocking bread and ramekins;

detail cleaning the bread oven; changing sanitizer buckets throughout the restaurant; cleaning computer stations; cleaning the point of sale ("POS") machine and restocking its paper; cleaning check presenters; filling and stocking dressings and croutons; detail cleaning the salad area; stocking plates, silverware, coffee mugs and glasses; polishing and rolling silverware; wiping down walls throughout the restaurant; cleaning dustpans and sweepers; cleaning and restocking hand sinks with soap, towels and gloves; stocking all "to-go" items and detail cleaning the "to-go" area; and wiping down tables, booths and chairs.

68.     Longhorn Steakhouse required Plaintiff and its servers to perform this non-tipped work both on a "running" basis throughout their shift and also after getting "cut" from the server floor but before being permitted to leave.

69.     During a four-hour shift, it would be commonplace for Plaintiff to spend no less than two hours performing work which did not present her with the opportunity to earn a tip.

70.     On average, Plaintiff spent at least an hour performing such non-tipped duties after being cut from the server floor, but before being permitted to leave.

71.     In every week of her employment, such non-tipped labor exceeded 20% of Plaintiff's time working for Longhorn Steakhouse.

72.     Servers, including Plaintiff, recorded their work time by logging into Longhorn Steakhouse's timekeeping system through the point-of-sale ("POS") system.

73.     The precise amount of time Plaintiff recorded as working each week, upon information and belief, is maintained in Defendant's employment and/or payroll records.

74.     Plaintiff was never instructed to clock in under a different job code when performing non-tip generating work (such as set up or breakdown work at the start or end of a shift) or when working prior to or after the restaurant opened/closed. Indeed, to the best of each

of the Plaintiff's knowledge, Defendant did not keep track of such time separately from Plaintiff's entries into the POS system.

75.     Longhorn Steakhouse has a company-wide policy and practice of requiring its Servers to perform such non-tipped work while paying a tip credit wage as opposed to paying employees the full minimum wage for such duties. By shifting these non-tipped duties to employees that it pays a tip credit wage, Longhorn Steakhouse saves millions of dollars every year in unlawfully reduced labor costs.

### Facts Pertaining to Unlawful Uniform Policy

76.     Under the FLSA, wages cannot be considered to have been paid by the employer and received by the employee unless they are paid finally and unconditionally or "free and clear." 29 C.F.R. § 531.35.

77.     The wage requirements of the Act will not be met where the employee "kicks-back" directly or indirectly to the employer or to another person for the employer's benefit the whole or part of the wage delivered to the employee. This is true whether the "kick-back" is made in cash or in other than cash. *Id.*

78.     For example, if it is a requirement of the employer that the employee must provide tools of the trade which will be used in or are specifically required for the performance of the employer's particular work, there would be a violation of the Act in any workweek when the cost of such tools purchased by the employee cuts into the minimum or overtime wages required to be paid him under the Act. *Id.*

79.     Longhorn Steakhouse subjected Plaintiff, the Collective Class and the PA Class to strict uniform requirements while paying them the lowest allowable tip credit minimum wage.

80.     Longhorn Steakhouse requires all of its Servers to wear a collared, long sleeved, black, button-down dress shirt at all times. But, Longhorn Steakhouse does not provide such a shirt to Plaintiff, the Collective Class or the PA Class and it does not offer its Servers reimbursement for their purchase of the same.

81.     Longhorn Steakhouse further requires all of its Servers to wear dark blue jeans with a black leather (or leather appearing) belt. But, Longhorn Steakhouse does not provide such pants or belt to Plaintiff, the Collective Class or the PA Class and it does not offer its Servers reimbursement for their purchase of the same.

82.     Longhorn Steakhouse further requires all of its Servers to wear black slip-resistant shoes. Longhorn Steakhouse does not provide such shoes to Plaintiff, the Collective Class or the PA Class and it does not offer its Servers reimbursement for the same.

83.     By requiring Plaintiff, the Collective Class and the PA Class to comply with these uniform requirements while paying them the maximum allowable tip-credit wage, Longhorn Steakhouse has illegally required Plaintiff, the Collective Class and the PA Class to "kick back" the cost of these uniform requirements to the employer and Longhorn Steakhouse has therefore failed to pay all minimum wages as required by law.

## CLASS & COLLECTIVE ACTION ALLEGATIONS

84.     Plaintiff brings this action on behalf of the Collective Class pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 206 and 216(b).

85.     Plaintiff also brings this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and the PA Class for claims under the PA State Laws.

86.     The claims brought pursuant to the PA State Laws may be pursued by all similarly-situated persons who do not opt-out of their respective class pursuant to Fed. R. Civ. P. 23.

87.     Upon information and belief, the members of each of the Classes are so numerous that joinder of all members is impracticable. While the exact number of the members of these Class is unknown to Plaintiffs at this time, and can only be ascertained through appropriate discovery, given the size of the Longhorn Steakhouse enterprise nationwide and its extensive presence within Pennsylvania, there are undoubtedly thousands of individuals in each of the Class.

88.     Defendant has acted or have refused to act on grounds generally applicable to the Class, thereby making final injunctive relief or corresponding declaratory relief with respect to the Class as a whole, appropriate.

89.     The claims of Plaintiff are typical of the claims of the Class she seeks to represent. Plaintiff and the members of the Class work or have worked for Defendant and were subject to the same compensation policies and practices.

90.     Common questions of law and fact exist as to the Class that predominate over any questions only affecting Plaintiff individually and include, but are not limited to, the following:

   a)   whether Defendant have to pay the full minimum wage for each hour worked;

   b)   whether Defendant satisfied each of the requirements in order to claim a tip credit against each hour worked;

   c)   whether Defendant was precluded from claiming the tip credit during the period encompassed by this Complaint;

   d)   whether Defendant improperly shifted the cost of uniforms to Servers; and

e) whether Plaintiff and members of the Class are entitled to compensatory damages, and if so, the means of measuring such damages.

91.     Plaintiff will fairly and adequately protect the interests of the Classes as their interests are aligned with those of the members of the Classes. Plaintiff has no interests adverse to the Classes she seeks to represent and has retained competent and experienced counsel.

92.     The class action/collective action mechanism is superior to other available methods for a fair and efficient adjudication of the controversy. The damages suffered by individual members of the Class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the Class to individually seek redress for the wrongs done to them.

93.     Plaintiff and the Class she seeks to represent have suffered and will continue to suffer irreparable damage from the illegal policy, practice and custom regarding Defendant's pay practices.

94.     Defendant hass violated and, continue to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.* The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) and willful violation of PA State Laws.

**FIRST CLAIM FOR RELIEF**
**FLSA: TIP CREDIT NOTIFICATION**
**(On Behalf of the Collective Class)**

95.     Plaintiff, on behalf of herself and the Collective Class, realleges and incorporates by reference the paragraphs above as if they were set forth again herein.

96.     Under applicable law, in certain circumstances, it is permissible for an employer to take a tip credit and pay its employees less than the mandated minimum wage, provided that the employee's tips received from customers plus the cash wage paid by the employer equals at

least the applicable minimum wage. However, in order to take advantage of these wage provisions, the employer must meet certain strict notification requirements.

97.    In order to claim a tip credit, the employer must comply with five strict notification requirements.

98.    First, the employer must notify the employee of the amount of the cash wage the employer is paying the tipped employee and that amount must equal at least $2.13 per hour.

99.    Second, the employer must notify the tipped employee of the amount the employer is claiming as a tip credit. In accordance with the FLSA, the tip credit claimed cannot exceed $5.12 per hour.

100.    Third, the employer must inform the tipped employee that the tip credit claimed cannot exceed the actual amount of tips received by the employee. In effect, the employer must inform the employee that the employee must still earn the mandated minimum of $7.25 per hour between the amount of the tip credit taken by the employer and the amount of tips earned by the employee.

101.    Fourth, the employer must notify the tipped employee that all tips received are to be retained by the employee except for a valid tip pooling arrangement.

102.    Finally, the tipped employee must be informed by the employer that the tip credit will not apply unless the employee has been informed of these provisions.

103.    An employer bears the burden of showing that it has satisfied all of the notification requirements before any tips can be credited against the employee's hourly wage.[2] If

---

[2] Courts have strictly construed this notification requirement. Accordingly, some courts have held that a generic governmental poster (which is required by the DOL) does not satisfy the tip credit notification requirement.

an employer cannot demonstrate its compliance with this notification requirement, no credit can be taken and the employer is liable for the full minimum wage.

104.    Further, where a tipped employee earns less in tips than the tip credit claimed, the employer is required to make up the difference. Stated another way, if a tipped employee earns less than $5.12 per hour in tips (the maximum tip credit permissible where the employer pays the employee $2.13 per hour), the employer must raise that tipped employee's hourly cash component the necessary amount above $2.13 per hour so as to ensure that the employee earns at least $7.25 per hour – the mandated minimum wage.

105.    As a Server working in Pennsylvania, Plaintiff was paid a tip credit wage of $2.83 per hour at all times during her employment. In other words, Longhorn Steakhouse took a "tip credit" of $4.42 per hour against the federal and state mandated minimum wage of $7.25 per hour for all hours that Plaintiff worked for Longhorn Steakhouse.

106.    Prior to the initiation of this lawsuit, Plaintiff had never even been made aware of the term "tip credit."

107.    Plaintiff assumed, as a server, that she would not be paid the full minimum wage because she would have the opportunity to earn tips.

108.    However, prior to the commencement of her work for Longhorn Steakhouse, Defendant never notified Plaintiff that she would be paid $2.83 per hour.

109.    Moreover, Longhorn Steakhouse never notified Plaintiff that it would be claiming $4.42 per hour as a "tip credit" to satisfy its full minimum wage obligations to her.

110.    Longhorn Steakhouse never notified Plaintiff that the $4.42 per hour tip credit it was claiming against Plaintiff's minimum wage could not exceed the actual amount of tips received by Plaintiff.

111.    Longhorn Steakhouse never notified Plaintiff that she was entitled to retain all tips received by Plaintiff except for in the case of a valid tip pooling arrangement.

112.    Longhorn Steakhouse never notified Plaintiff that it was not entitled to claim a tip credit on her wages without informing her of the requirements for its taking a tip credit.

113.    Moreover, Plaintiff was never notified that if her tipped wage of $2.83 per hour plus the amount of tips she actually received fell below $7.25 per hour, Longhorn Steakhouse would be legally required to make up the difference.

114.    Upon information and belief, Longhorn Steakhouse takes the maximum allowable tip credit against the wages of all of its Servers, but maintains a practice of failing to notify its Servers of the legal requirements for doing the same.

115.    Defendant has violated and, continues to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.* The foregoing conduct, as alleged, constitutes willful violations of the FLSA within the meaning of 29 U.S.C. § 255(a).

116.    Due to Defendant's FLSA violations, Plaintiff, on behalf of herself and the members of the Collective Class, is entitled to recover from Defendant, compensation for unpaid wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

117.    Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

**SECOND CLAIM FOR RELIEF**
**FLSA: DUAL JOBS**
**(On Behalf of the Collective Class)**

118.    Plaintiff, on behalf of herself and the Collective Class, realleges and incorporates by reference the paragraphs above as if they were set forth again herein.

119.     The FLSA defines a "tipped employee" as any employee *engaged in an occupation* in which he or she customarily and regularly receives not less than $30 a month in tips. 29 U.S.C. § 203(t)(emphasis added).

120.     Recognizing that tipped employees are often *engaged* in more than one *occupation*, one which customarily receives tips and one which customarily does not, the regulations provide that when such tipped employees are employed in "dual jobs" (one which customarily generates tips and one which customarily does not), the employer is not entitled to take the tip credit for time spent engaged in the non-tipped occupation. *See* 29 C.F.R. § 531.56.

121.     It is well settled in courts across the country that an employer is *not* permitted to take a tip credit against its minimum wage obligations (1) when it requires its tipped employees to perform non-tipped work that is *unrelated* to the employees' tipped occupation (i.e., "dual jobs") or (2) when it requires its tipped employees to perform non-tipped work that, although related to the employees' tipped occupation, exceeds 20 percent of the employees' time worked during a workweek. *See* FOH § 30(d)00(e). *See Belt v. P.F. Chang's China Bistro, Inc.*, 401 F. Supp. 3d 512, 531-32 (E.D. Pa. 2019); *see also Williams v. Bob Evans Rests., LLC*, Case No. 2:18-cv-01353, 2020 U.S. Dist. LEXIS 145852 (W.D. Pa. Aug. 13, 2020).

122.     In other words, an employer such as Defendant must pay the full minimum wage when either the Server is performing non-tipped work that is (i) *unrelated* to the employee's tipped occupation or (ii) non-tipped work that, although *related* to the employee's tipped occupation, exceeds 20 percent of the employee's time worked during a workweek.

123.     Defendant regularly required Plaintiff and the Collective Class to perform extensive non-tipped labor that was unrelated to their tipped occupation or, although related to their tipped occupations, exceeds 20 percent of the employee's time worked during a workweek.

124.    Such non-tipped duties include, but are not limited to, stocking and cleaning ice stations; stocking fruits; stocking paper goods; detail cleaning various "stations" throughout the restaurant; brewing tea and coffee; breaking down and detail cleaning tea and coffee machines; stocking and detail cleaning the beverage line; sweeping floors throughout the restaurant; stocking and cleaning all condiments, cream and sugar caddies; stocking bread and ramekins; detail cleaning the bread oven; changing sanitizer buckets throughout the restaurant; cleaning computer stations; cleaning the point of sale ("POS") machine and restocking its paper; cleaning check presenters; filling and stocking dressings and croutons; detail cleaning the salad area; stocking plates, silverware, coffee mugs and glasses; polishing and rolling silverware; wiping down walls throughout the restaurant; cleaning dustpans and sweepers; cleaning and restocking hand sinks with soap, towels and gloves; stocking all "to-go" items and detail cleaning the "to-go" area; and wiping down tables, booths and chairs.

125.    Longhorn Steakhouse required Plaintiff and its servers to perform this non-tipped work both on a "running" basis throughout their shift and also after getting "cut" from the server floor but before being permitted to leave.

126.    During a four-hour shift, it would be commonplace for Plaintiff to spend no less than two hours performing work which did not present her with the opportunity to earn a tip.

127.    On average, Plaintiff spent at least an hour performing such non-tipped duties after being cut from the server floor, but before being permitted to leave.

128.    In every week of her employment, such non-tipped labor exceeded 20% of Plaintiff's time working for Longhorn Steakhouse.

129.    Longhorn Steakhouse has a company-wide policy and practice of requiring its Servers to perform such non-tipped work while paying a tip credit wage as opposed to paying

employees the full minimum wage for such duties. By shifting these non-tipped duties to employees that it pays a tip credit wage, Longhorn Steakhouse saves millions of dollars every year in unlawfully reduced labor costs.

130.    Defendant has violated and, continues to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.* The foregoing conduct, as alleged, constitutes willful violations of the FLSA within the meaning of 29 U.S.C. § 255(a).

131.    Due to Defendant's FLSA violations, Plaintiff, on behalf of herself and the members of the Collective Class, is entitled to recover from the Defendant, compensation for unpaid wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

132.    Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

**THIRD CLAIM FOR RELIEF**
**FLSA: UNIFORM KICK-BACKS**
**(On Behalf of the Collective Class)**

133.    Plaintiff, on behalf of herself and the Collective Class, realleges and incorporates by reference the paragraphs above as if they were set forth again herein.

134.    Under the FLSA, wages cannot be considered to have been paid by the employer and received by the employee unless they are paid finally and unconditionally or "free and clear." 29 C.F.R. § 531.35.

135.    The wage requirements of the Act will not be met where the employee "kicks-back" directly or indirectly to the employer or to another person for the employer's benefit the whole or part of the wage delivered to the employee. This is true whether the "kick-back" is made in cash or in other than cash. *Id.*

136.    For example, if it is a requirement of the employer that the employee must provide tools of the trade which will be used in or are specifically required for the performance of the employer's particular work, there would be a violation of the Act in any workweek when the cost of such tools purchased by the employee cuts into the minimum or overtime wages required to be paid him under the Act. *Id.*

137.    Longhorn Steakhouse subjected Plaintiff and the Collective Class to strict uniform requirements while paying them the lowest allowable tip credit minimum wage.

138.    Longhorn Steakhouse requires all of its Servers to wear a collared, long sleeved, black, button-down dress shirt at all times. But, Longhorn Steakhouse does not provide such a shirt to Plaintiff and the Collective Class and it does not offer its Servers reimbursement for their purchase of the same.

139.    Longhorn Steakhouse further requires all of its Servers to wear dark blue jeans with a black leather (or leather appearing) belt. But, Longhorn Steakhouse does not provide such pants or belt to Plaintiff and the Collective Class and it does not offer its Servers reimbursement for their purchase of the same.

140.    Longhorn Steakhouse further requires all of its Servers to wear black slip-resistant shoes. Longhorn Steakhouse does not provide such shoes to Plaintiff and the Collective Class and it does not offer its Servers reimbursement for the same.

141.    By requiring Plaintiff and the Collective Class to comply with these uniform requirements while paying them the maximum allowable tip-credit wage, Longhorn Steakhouse has illegally required Plaintiff and the Collective Class to "kick back" the cost of these uniform requirements to the employer and Longhorn Steakhouse has therefore failed to pay all minimum wages as required by law.

142.    Due to Defendant's FLSA violations, Plaintiff, on behalf of herself and the members of the Collective Class, is entitled to recover from Defendant, compensation for unpaid wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

143.    Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

**FOURTH CLAIM FOR RELIEF**
**PENNSYLVANIA TIP CREDIT NOTIFICATION**
**(On Behalf of the PA Class)**

144.    Plaintiff, on behalf of herself and the Collective Class, realleges and incorporates by reference the paragraphs above as if they were set forth again herein.

145.    Pennsylvania state law has a substantially similar requirement to the FLSA's tip notification requirements. *See* 43 P.S. § 333.103(d).

146.    Importantly, however, Pennsylvania mandates a higher minimum cash wage and requires employers to pay at least $2.83 per hour. Thus, under Pennsylvania law, the maximum tip credit is $4.42 per hour.[3]

147.    As such, an employer cannot be said to have complied with Pennsylvania's tip credit notification requirements where the employer simply relies on United States Department of Labor mandated posters, as those posters do not explicitly identify the tip credit amount in Pennsylvania (as it differs from the FLSA tip credit amount).

148.    In addition, 34 Pa. Code § 231.34 also requires employers to maintain payroll records that contain the following information:

---

[3] Like the FLSA, Pennsylvania law states that the tip credit claimed by the employer cannot exceed the amount of tips actually received by the employee. *See* 43 P.S. § 333.103(d).

a)   A symbol or letter placed on the pay records identifying each employee whose wage is determined in part by tips;

b)   Weekly or monthly amount reported by the employee, to the employer, of tips received. This may consist of reports made by the employees to the employer on IRS Form 4070;

c)   Amount by which the wages of each tipped employee have been deemed to be increased by tips, as determined by the employer, not in excess of 45% of the applicable statutory minimum wage until January 1, 1980 and thereafter 40% of the applicable statutory minimum wage. The amount per hour which the employer takes as a tip credit shall be reported to the employee in writing each time it is changed from the amount per hour taken in the preceding week;

d)   Hours worked each workday in any occupation in which the tipped employee does not receive tips and total daily or weekly straight-time payment made by the employer for such hours; and

e)   Hours worked each workday in occupations in which the employee received tips and total daily or weekly straight-time earnings for the hours.

149.   Pursuant to Defendant's compensation policies, rather than pay Plaintiff and the PA Class the required minimum wage in Pennsylvania, Defendant took a tip credit and paid Tipped Employees only the tip-credit wage.

150.   At relevant times in the period encompassed by this Complaint, Defendant had a willful policy and practice of failing to satisfy the notification requirements in order for Defendant to claim the tip credit.

151.    As a result of Defendant's willful practices, Defendant was not entitled to claim the tip credit and pay Plaintiff and the members of the PA Class less than the Pennsylvania minimum wage for all hours worked.

152.    Defendant has violated and, continues to violate, the PMWA, 43 Pa. C.S.C. § 333.101 *et seq.*

153.    Due to the Defendant's violations, Plaintiff, on behalf of herself and the members of the PA Class, are entitled to recover from Defendant the amount of unpaid minimum wages, liquidated damages, attorneys' fees and costs.

**FIFTH CLAIM FOR RELIEF**
**PENNSYLVANIA DUAL JOBS**
**(On Behalf of the PA Class)**

154.    Plaintiff, on behalf of herself and the members of the PA Class, realleges and incorporates by reference the paragraphs above as if they were set forth again herein.

155.    "Because the PMWA 'substantially parallels' the FLSA, . . . federal courts are directed to interpretation of the FLSA when analyzing claims under the PMWA." *Sicklesmith v. Hershey Entm't & Resorts Co.*, 440 F. Supp. 3d 391, 402 (M.D. Pa. 2020); *see also Reynolds v. Chesapeake & Del. Brewing Holdings, LLC*, No. CV 19-2184, 2020 U.S. Dist. LEXIS 83633, 2020 WL 2404904, at *5 (E.D. Pa. May 12, 2020) (noting the relevant provisions of the FLSA and PMWA are "nearly identical"); *Williams v. Bob Evans Rests., LLC*, Case No. 2:18-cv-01353, 2020 U.S. Dist. LEXIS 145852 (W.D. Pa. Aug. 13, 2020).

156.    Pennsylvania law requires Defendant to pay the full minimum wage when either the Server is performing non-tipped work that is (i) *unrelated* to the employee's tipped occupation or (ii) non-tipped work that, although *related* to the employee's tipped occupation, exceeds 20 percent of the employee's time worked during a workweek.

157.     As detailed extensively above, Defendant regularly required Plaintiff and the PA Class to perform extensive non-tipped labor that was unrelated to their tipped occupation or, although related to their tipped occupations, exceeds 20 percent of the employee's time worked during a workweek.

158.     As a result of Defendant's willful practices, Defendant has violated and, continues to violate, the PMWA, 43 Pa. C.S.C. § 333.101 *et seq.*

159.     Due to the Defendant's violations, Plaintiff, on behalf of herself and the members of the PA Class, is entitled to recover from Defendant the amount of unpaid minimum wages, liquidated damages, attorneys' fees and costs.

**SIXTH CLAIM FOR RELIEF**
**PENNSYLVANIA UNIFORM KICK-BACKS**
**(On Behalf of the PA Class)**

160.     Plaintiff, on behalf of herself and the members of the PA Class, realleges and incorporates by reference the paragraphs above as if they were set forth again herein.

161.     "Because the PMWA 'substantially parallels' the FLSA, . . . federal courts are directed to interpretation of the FLSA when analyzing claims under the PMWA." *Sicklesmith v. Hershey Entm't & Resorts Co.*, 440 F. Supp. 3d 391, 402 (M.D. Pa. 2020); *see also Reynolds v. Chesapeake & Del. Brewing Holdings, LLC*, No. CV 19-2184, 2020 U.S. Dist. LEXIS 83633, 2020 WL 2404904, at *5 (E.D. Pa. May 12, 2020) (noting the relevant provisions of the FLSA and PMWA are "nearly identical"); *Williams v. Bob Evans Rests., LLC*, Case No. 2:18-cv-01353, 2020 U.S. Dist. LEXIS 145852 (W.D. Pa. Aug. 13, 2020).

162.     Pennsylvania's minimum wage requirements will not be met where the employee "kicks-back" directly or indirectly to the employer or to another person for the employer's benefit

the whole or part of the wage delivered to the employee. This is true whether the "kick-back" is made in cash or in other than cash.

163.    As detailed extensively above, Defendant failed its minimum wage obligations to Plaintiff and the PA Class by requiring Plaintiff an the PA Class to wear specific shirts, belts, pants and shoes and by failing to pay for or reimburse Plaintiff and the PA Class for the same.

164.    As a result of Defendant's willful practices, Defendant has violated and, continues to violate, the PMWA, 43 Pa. C.S.C. § 333.101 *et seq.*

165.    Due to the Defendant's violations, Plaintiff, on behalf of herself and the members of the PA Class, is entitled to recover from Defendant the amount of unpaid minimum wages, liquidated damages, attorneys' fees and costs.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and/or on behalf of herself and all other similarly situated members of the Classes respectfully requests the Court grant the following relief:

A.    Designation of this action as a collective action on behalf of the Collective Class and prompt issuance of notice pursuant to 29 U.S.C. §216(b), apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b);

B.    Designation of the action as a class action under F.R.C.P. 23 on behalf of the PA Class;

C.    Designation of Plaintiff as representative of the Collective Class;

D.    Designation of Plaintiff as representative of the PA Class;

E.    A declaratory judgment that the practices complained of herein are unlawful under the FLSA and Pennsylvania law;

F.      An injunction against Defendant and its officers, agents, successors, employees, representatives and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

G.      An award of unpaid minimum wages to Plaintiff and the members of the Collective Class;

H.      An award of unpaid minimum wages to Plaintiff and the members of the PA Class;

I.      An award of liquidated damages to Plaintiff and members of the Class;

J.      Pre-judgment interest and post-judgment interest;

K.      An award of costs and expenses of this action together with reasonable attorneys' and expert fees to Plaintiff and members of the Class; and

L.      Such other and further relief as this Court deems just and proper.


Dated: March 3, 2022                         Respectfully submitted,


                                             /s/   *James L. Simon*
                                             James L. Simon
                                             Law Offices of Simon & Simon
                                             5000 Rockside Road
                                             Liberty Plaza Building – Suite 520
                                             Independence, Ohio 4413
                                             Telephone: (216) 525-8890
                                             Email: james@bswages.com